Filed 12/9/22  P. v. Massey CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GERALD MASSEY,<br><br>        Defendant and Appellant. | A163744<br><br>(Contra Costa County<br>Super. Ct. No. 51408889) |

In November 2014, pursuant to a negotiated disposition, defendant and appellant Gerald Massey (appellant) pleaded guilty to gross vehicular manslaughter (Pen. Code, § 191.5, subd. (d))[1] and driving under the influence (DUI) with two prior convictions (Veh. Code, §§ 23153, subd. (a), 23566, subd. (b)). Appellant also admitted a great bodily injury (GBI) enhancement (§ 12022.7, subd. (a)) associated with the DUI charge. Pursuant to the plea bargain, the trial court sentenced appellant to prison for a term of 15 years to life on the manslaughter charge. The

---

[1] All section references are to the Penal Code unless otherwise indicated.

trial court stayed a seven-year term on the DUI charge and the GBI enhancement under section 654.

In November 2014, two abstracts of judgment were filed, one for the determinate sentence and one for the indeterminate sentence. The determinate sentence abstract on page one properly indicates that the seven-year term on the DUI charge and enhancement was stayed under section 654, but on page two the abstract erroneously states the stays were under "PC 664." The indeterminate sentence abstract on the first page erroneously indicates with an "X" that the 15-years-to-life term is a consecutive term.

In August 2020, appellant filed a petition for resentencing under section 1170.91, subdivision (b). The trial court denied the petition.

On appeal, appellant does not contend the trial court erred in denying his resentencing petition. On that issue, appellant concedes that section 1170.91 does not apply to indeterminate sentences. (See *People v. Estrada* (2020) 58 Cal.App.5th 839, 842–843.) But appellant requests that this court direct the trial court to correct the November 2014 abstracts of judgment because the court below was under the misimpression that appellant had been sentenced to seven years on the DUI charge and GBI enhancement, *plus* a consecutive term of 15 years to life on the manslaughter charge. He asks that the abstracts of judgment be corrected to make clear that "the only operative sentence is the 15 years to life indeterminate sentence."

Respondent agrees the 2014 negotiated disposition provided that the trial court would impose a 15-years-to-life indeterminate sentence and stay the sentence on the DUI charge and GBI enhancement, and that the 2014 trial court sentenced appellant accordingly. Respondent suggests the following corrections to the abstracts of judgment to properly reflect the sentence imposed: (1) in the abstract of judgment for the determinate term, change two improper references to "PC 664" to "PC 654;" and (2) in the abstract of judgment for the indeterminate term, remove the "X" mark indicating the sentence is "consecutive."

Respondent's suggested changes are appropriate and adequate; appellant did not file a reply brief arguing to the contrary. This court will direct the trial court to make the corrections suggested by respondent.

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed. The matter is remanded and the trial court is directed to (1) correct the November 2014 abstract of judgment of the determinate sentence by changing the two references to "PC 664" on the second page to "PC 654," and (2) correct the November 2014 abstract of judgment of the indeterminate sentence by removing the "X" mark on the first page indicating that the sentence is "consecutive."

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

WISEMAN, J.*

(A163744)

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.